UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE MATTER OF CERTAIN ADMINISTRATIVE AND CIVIL FORFEITURE PROCEEDINGS | Case No. |

**[PROPOSED] ORDER EXTENDING CERTAIN STATUTORY DEADLINES FOR ADMINISTRATIVE AND CIVIL JUDICIAL ASSET FORFEITURE PROCEEDINGS AND ACTIONS**

The United States has applied, pursuant to 18 U.S.C. § 983, for an Order granting a 60-day blanket extension of the statutory deadlines by which the government is required to (1) commence administrative forfeiture proceedings against seized property; and (2) commence civil judicial forfeiture actions following submission of timely administrative claims in such proceedings.  Good cause appearing therefor, and for the reasons stated below, the government's application is GRANTED.

On March 13, 2020, the President declared a national emergency, effective as of March 1, 2020, due to the Novel Coronavirus Disease ("COVID-19") pandemic.[1]  As noted in this Court's Standing Order No. 20-9 (March 16, 2020), "guidance from the Centers for Disease Control and Prevention (CDC) and other public health authorities [have advised] that limiting personal contacts and public gatherings are necessary to reduce the possibility of exposure to the virus and to slow the community spread of the disease . . . ."  And as noted in this Court's Standing Order No. 20-19 (April 2, 2020), the Mayor of the District of Columbia and the Governors of Virginia and Maryland issued "stay-at-home" orders, and other measures, to further restrict personal contact and public gatherings.  To allow federal employees to engage in social distancing to slow the spread of the virus, on March 15, 2020, the Attorney General implemented a "maximum telework" policy, which includes all DOJ law enforcement components.  Similar orders were issued by the Departments of Homeland Security and

---

[1] On March 29, 2020, the President extended the period of recommended social distancing and non-essential activity through the end of April.

Treasury. As a result, virtually all asset forfeiture personnel working in the headquarters facilities of the Agencies in and around Washington, DC are teleworking, as are the overwhelming majority of the attorneys and staff at the U.S. Attorney's Office in this district.

As explained in the government's application and supporting declarations, the COVID-19 disease has continued to spread, and it is becoming increasingly difficult for the Agencies to carry out their responsibilities for processing thousands of pieces of time-sensitive mail, providing timely, direct written notice to thousands of potential claimants, and making the necessary referrals to the U.S. Attorney's Offices across the country.

The government agencies with administrative forfeiture authority (collectively, the "Agencies") include the Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"); the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"); Customs and Border Protection ("CBP"), which is also responsible for processing seizures by Immigration and Customs Enforcement/Homeland Security Investigations ("HSI"), U.S. Border Patrol, the U.S. Secret Service ("USSS"); Internal Revenue Service – Criminal Investigation ("IRS-CI"); and the United States Postal Service ("USPS"). On an annual basis, the Agencies initiate and process tens of thousands of administrative forfeitures. Those efforts generate massive amounts of paperwork, and require regular, close physical interaction among office personnel in each Agency's headquarters office to prepare notice letters, correction letters, denial letters, the mailing envelopes for all of those letters, and the preparation of notice by publication for each targeted asset on the government's dedicated forfeiture website (www.forfeiture.gov).

In addition, Agency employees and contractors physically handle large volumes of mail from the public on a daily basis, including hand-written letters, claims, petitions for remission or mitigation, and requests for reconsideration. Although the seizing Agencies are capable of processing claims and petitions submitted electronically, the overwhelming majority of all submissions (approximately 85%) still come through the mail. The submission of timely administrative claims requires the Agencies to refer those matters to the U.S. Attorney's Offices across the country, and trigger separate deadlines relating to the filing of judicial forfeiture

actions in the district courts. The government has requested a blanket 60-day extension of those 90-day filing deadlines as well.

The Court finds that the working conditions described in the government's application are inconsistent with the social distancing guidelines of the CDC and other health and public safety officials, the government's own guidelines for workplace safety, and the explicit requirements of mandatory declarations of state and local governments in the District of Columbia, Virginia, and Maryland.

The Agencies have certified to the Court that in light of the COVID-19 pandemic, their compliance with the 60- and 90-day statutory deadlines for commencing administrative forfeiture with respect to federal and adoptive seizures, respectively, is likely to endanger the life or physical safety of the government employees and contractors responsible for carrying out the duties of the Agency administrative forfeiture programs, as described at 18 U.S.C. § 983(a)(1)(A)(i), justifying the extension of those deadlines pursuant to 18 U.S.C. § 983(a)(1)(C). Specifically, the government has demonstrated that that the ongoing national emergency triggered by the pandemic, and the resulting need for social distancing and heightened controls on physical contact with objects that may present a risk of contamination, constitute good cause for a finding that requiring the noticing of seizures and referral of claims may endanger the life or health of the government asset forfeiture attorneys and staff (at both the Agencies and the U.S. Attorney's Offices) responsible for reviewing cases, issuing notices, and processing submitted claims and petitions. All of these factors support an order pursuant to § 983(a)(1)(C) and (3)(A) granting the 60-day blanket extensions described herein.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that (1) for all federal seizures of property that occurred or will occur in the District of Columbia between February 3, 2020, and May 15, 2020, the deadline established by 18 U.S.C. § 983(a)(1)(A) (i) for any seizing Agency to commence administrative forfeiture proceedings against such property shall be and hereby is extended for a period of 60 days; (2) for all seizures of property by state or local law enforcement agencies in the District of Columbia between January 3, 2020, and April 15, 2020,

which seizures are thereafter federally adopted, the deadline established by 18 U.S.C. § 983(a)(1)(A) (iv) for the adopting Agency to commence administrative forfeiture proceedings against such property shall be and hereby is extended for a period of 60 days; and (3) the 90-day deadline established at 18 U.S.C. § 983(a)(3)(A) for the filing of a civil forfeiture complaint (or inclusion of an asset in a criminal indictment) following an Agency's receipt of a timely administrative claim between February 3, 2020, and May 15, 2020, is hereby extended to 150 days instead of the statutory 90-day period.  To the extent that any Agency executed a 30-day extension of any administrative notice deadline pursuant to 18 U.S.C. § 983(a)(1)(B) on or before May 15, 2020, the deadline for the sending of the required notice is extended for 60 days from the current deadline.

In accordance with the provisions of 18 U.S.C. § 983(a)(1)(C), further extensions of no more than 60 days each may be granted as necessary, upon an appropriate showing.

IT IS SO ORDERED.

DATED: May _____, 2020

_____
BERYL A. HOWELL
CHIEF JUDGE